### Hunt *vs.* Wickwire and Foot.

Where a cause in a justice's court is adjourned until *one* o'clock P. M. of a day certain, and the justice is detained in the discharge of other official duties until after *five* o'clock of the same day, he may after that hour proceed and try the cause, although the defendant has departed from the place of trial.

This was an action for *false imprisonment,* tried at the Madison circuit in September, 1830, before the Hon. Nathan Williams, one of the circuit judges.

The imprisonment complained of consisted in an arrest on an execution issued by *Foot,* as a justice of the peace, on a judgment rendered by him in favor of *Wickwire* and another against Hunt, in a cause in which Hunt alleged a *discontinuance* had taken place previous to the rendition of the judgment under these circumstances : In February, 1828, Hunt having been brought before the justice on a warrant at the suit of Wickwire and another, the cause was adjourned until the fourth day of March, at *one* o'clock P. M. At the appointed time and place Hunt attended with witnesses for trial, and remained there until after *five* o'clock, when the justice not

having made his appearance, Hunt was advised that the cause was discontinued, and that he might depart, which he did accordingly. After the departure of Hunt, the justice arrived, and proceeded to hear proofs in the cause, and rendered judgment in favor of the plaintiffs, and on the application of Wickwire, issued an execution on the judgment thus rendered, on which the arrest took place. On the day to which the cause was adjourned, a *town meeting* was held in the town in which the justice resided, at which he was one of the presiding officers, and the business of the meeting was continued to a late hour, which was the reason of the absence of the justice until after five o'clock. There also was evidence that after discovering that the town meeting would be held on the day to which the cause was adjourned, it was agreed between the parties that the cause should be held open and tried after the town meeting had closed. The judge intimated his opinion that the justice had the right to proceed and try the cause after his return from the town meeting, but said he would not so instruct the jury; he, however, told them that the proceedings of the justice were legal, if they were satisfied that the parties agreed that the cause should be held open and tried after the town meeting had closed, and that in such case the defendants had made out a justification. The jury found a verdict for the defendants. The plaintiff moved for a new trial.

*P. Gridley,* for the plaintiff.

*C. P. Kirkland,* for the defendants.

*By the Court,* SAVAGE, Ch. J. It is in general true that unless a cause is tried at the time appointed, or within one hour, such omission amounts to a discontinuance, and the cause is out of court; but this is not universally so. If the justice is engaged at the hour in trying another cause which occupies him till after the time, that is a good reason for the delay, and no rights are lost to either party. The justice may proceed, if he does so, as soon as possible after his other official engagements are disposed of. I can see no good reason why any official duty of the justice is not a good excuse for the postponement of the trial. In this case the judge was right, however, in putting the case to the jury, upon the proof of the agree-

ment that the cause might be tried after the adjournment of the town meeting. That the time was not misapprehended, and supposed to be the next day, is proved by the fact that the defendant appeared in the afternoon of the first day of the town meeting. Besides, it is very unusual that a town meeting continues more than one day. The verdict is fully sustained by the evidence, and there is no ground for granting a new trial. Whether the discontinuance in such cases is absolute so as to make the justice a trespasser, or whether it only subjects his judgment to reversal for irregularity, are questions which need not now be discussed. In *Horton* v. *Auchmoody*, 7 *Wendell*, 200, it was held that when a justice acts without acquiring jurisdiction, he is a trespasser ; but having jurisdiction, an error in judgment does not subject him to an action. He acts judicially, and is entitled in such cases to protection.

New trial denied.