## LYNSKY *v.* PENDEGRAST.

This court, on appeal, is bound by the justice's return of the facts in the case.

If important matter is omitted in the return, the party aggrieved should cause it to be amended, and affidavits may be used as the foundation of an order directing a more full or specific return.

To entitle the defendant, in a justice's court, to *demand* an adjournment when a day has been appointed for the trial, he must make oath that he cannot safely proceed by reason of the absence of material testimony.

Where a justice, upon the plaintiff opposing an adjournment of the cause, denied the defendant's application to adjourn, and afterwards, without proceeding to trial, departed from his office, stating that it was uncertain

at what time he should return, and at about three o'clock in the after-
noon he resumed the holding of his court, and suffered the plaintiff to
proceed with the trial in the defendant's absence; it was *held*, that the effect
of the justice absenting himself was, under the circumstances, a discontin-
uance of the suit, and that he thereby lost jurisdiction thereof, unless the
parties voluntarily awaited his return, or in some manner assented to the
delay.

APPEAL from one of the district courts, where the plaintiff
had judgment. The facts appear sufficiently in the opinion.

BY THE COURT. WOODRUFF, J.—Upon the statements con-
tained in the affidavits filed in this cause, it would seem to
us impossible to hesitate in reversing this judgment. But
we are bound by the justice's return, and by that we must
dispose of the appeal. If important matter is omitted in the
return, the affidavits may be used as the foundation of an
order directing a more full or specific return in regard to
the grounds upon which a reversal is sought, and the appel-
lant should, in such case, cause the return to be amended.

According to the return, there was no actual adjournment
to a definite time, and it was not erroneous for the justice to
refuse the defendant's application for an adjournment, unless
all the requisites of the statute were complied with.

To entitle the defendant to *demand* an adjournment, he
must make oath that he cannot safely proceed to trial for
want of some material testimony or witness. This oath the
defendant refused to make, and he cannot now complain of
the refusal to adjourn.

But we think the departure of the justice from the place
of trial, after his refusal to adjourn the cause, to be absent
for an uncertain period, informing the parties that it was
uncertain whether he could proceed with the trial that day,
and that he could not tell when he should return, was a dis-
continuance of the suit, and that he lost all jurisdiction to
proceed further therein, unless the parties voluntarily sub-
mitted themselves to his jurisdiction, by some assent to such
delay, or awaited his return. Justice to both parties required
that the justice should order an adjournment either to a later

day, or to some hour certain of the same day. If the plaintiff would not consent thereto, it is not unjust to him to require him to begin a new suit, when, in our judgment, it was plainly unjust to require the defendant to wait with his witnesses during an interruption of the trial by the departure of the justice from court, which might continue until the next day, or, according to the justice's return, even later.

It does not distinctly appear how long the justice was absent. It does appear that he did not proceed with the trial until about three o'clock, " as nearly as he can recollect." The hour at which the summons was returnable and the cause first called for trial, does not appear, but we can take notice, without proof, that the justice's court room is nearly three miles from the *City Hall*, and he says he went to the City Hall in obedience to a subpœna. His absence from his court room was therefore not brief, and we think the defendant was not bound to wait in total uncertainty when the case would be resumed.

The rule recognised in *Hunt* v. *Wickwin*, 10 Wend. 102, is consistent with this view of the subject, and we are unwilling to sustain a judgment rendered under such circumstances.

　　　　　　The judgment must be reversed, with costs.