GILLETT (BEECHER v.). See Case No. 1,225.

GILLETT (LAMB v.). Case No. 8,016.

GILLETTE (GAFFNEY v.). See Case No. 5,168.

---

## Case No. 5,438.

### In re GILLEY.

[2 Lowell, 250.][1]

District Court, D. Massachusetts. May, 1873.

BANKRUPTCY—MEETING.

1. The first meeting of creditors in a proceeding in bankruptcy should be kept open for at least one hour.

[Cited in Re Ewing, Case No. 4,587.]

2. Where such a meeting was warned for ten o'clock, and certain creditors appeared and voted for assignees, and the register declared the polls closed at half-past ten, and other creditors appeared and voted before eleven o'clock,—held, the register should have counted these last votes.

[In bankruptcy. In the matter of J. H. Gilley.] The register certified that the first meeting of creditors was duly notified to be held at his office, at ten o'clock in the forenoon of a certain day. Several creditors appeared and proved their debts, and voted for assignee. At half-past ten o'clock, all creditors present having voted, and no intimation from any one having been made that other creditors were expected, the register declared one of the two candidates who had been voted for to be elected. Thereupon the creditors left the office, and, in about ten minutes, other creditors arrived and proved claims, and filed votes sufficient to change the result and elect the other candidate. The register declined to count these votes, and decided, subject to the opinion of the court, that the former candidate was elected.

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

LOWELL, District Judge. It has been the practice, under the insolvent law of Massachusetts, and under the bankrupt act [of 1867 (14 Stat. 517)], so far as I am informed, to consider that a meeting of creditors, warned for ten o'clock, is to be open for at least one hour, and as much longer as the business before the meeting may require. The register has full power of adjournment for cause; but I do not think he should close the polls under one hour in any event. This is a matter of practice which the supreme court have not found it necessary to regulate, and which need not be uniform in all the districts, but which ought to be clearly established uniformly throughout each district.

It has always been the habit in New England, and probably in most of the states, to require a justice of the peace, or other magistrate or commissioner, sitting in civil causes, to give an hour for the parties to appear. U. S. v. Rundlett [Case No. 16,208]; Niles v. Hancock, 3 Metc. [Mass.] 568; Hobbs v. Fogg, 6 Gray, 251. See Hunt v. Wickwire, 10 Wend. 102; Shufelt v. Cramer, 20 Johns. 309. It is a common saying, and a true one, that "it is ten o'clock until it is eleven." The rule is by no means confined to magistrates. It is said in Shufelt v. Cramer to apply to orders to show cause before a judge in chambers; and such has always been my practice in the many orders I have occasion to issue in motions and interlocutory matters in bankruptcy. The meeting for the surrender of a bankrupt, under the old practice in England, was always enlarged on the application of the bankrupt; and Mr. Christian says: "If the time is not enlarged, and the bankrupt does not surrender, it is the present practice of the commissioners in London to wait one hour at the least, and until they have finished all other business before them." 1 Christ. Bank. (2d Ed.) 300. There is a general order under the new English statute of 1869, which authorizes the registrar to adjourn the first meeting for one week at the end of half an hour from the time notified, if a quorum (that is three) of the creditors have not appeared within that time. This, however, is very different from closing, within the hour, a meeting once fully entered on.

The reason for allowing a single plaintiff or defendant an hour to meet his adversary, applies still more strongly to a general meeting of creditors coming from various places, and liable to more numerous chances of delay, and having a right to suppose that the business of such a meeting must occupy a considerable time. I am of opinion, therefore, that the practice is, and should be, that the first meeting of creditors lasts for at least one hour, and that the votes which were rejected in this case were seasonably offered, and should have been counted. There is no objection to the register's announcing the state of the polls at any time, or even closing them provisionally, with the understanding that they will be opened again if creditors appear within the hour.

It may be said that, the election having been irregular, neither candidate ought to be held to be duly chosen, but that a new election should be ordered. There would be much force in this argument in many cases; but I understand there is nothing in the circumstances of this to require the trouble and expense of another meeting to be incurred.

I appoint A. W. Pope assignee in this cause, he being the person chosen, if the votes of all the creditors are counted.