| 35 | 333 |
| 36 | 390 |
| 35 | 333 |
| 37 | 289 |
| 37 | 833 |
| 35 | 338 |
| 38 | 147 |
| 35 | 333 |
| 39 | 25 |
| 35 | 333 |
| 45 | 477 |
| 35 | 338 |
| 50 | 257 |
| 35 | 333 |
| 64 | 132 |

# CHARLESTON.

## Long *v.* Ohio River R'y. Co.

Submitted June 19, 1891.—Decided November 28, 1891.

1. CERTIORARI.

In applying to the Circuit Court for a writ of *certiorari* to the judgment of a justice, under chapter 110 of the Code, the general rule is that the petitioner must present his petition within ten days after the judgment complained of is rendered, according to the analogy of appeals in section 164, chapter 50, of the Code.

2. CERTIORARI—LACHES.

But it may, and in proper case should, be granted after the expiration of ten days, and within ninety days after the date of the judgment, when the party otherwise entitled to the writ shall show by his own oath or otherwise good cause for his not having applied for such writ within the ten days.

3. CERTIORARI—LACHES.

A case in which the above rule against laches is laid down and applied.

*V. B. Archer* for appellant, cited Code (1887) c. 42, s. 14; 9 W. Va. 254, pt. 11 Syll.; 15 W. Va. 628; 17 W. Va. 191; 9 W. Va. 270; 25 W. Va. 570; 26 W. Va. 455; 32 W. Va. 436; 51 Pa. St. 240; 67 N. Y. 153; 27 Ill. 198; 55 Ill. 226; 85 Ill. 288; 88 Ill. 368; 39 Me. 274; 79 Mo. 504; 44 Ind. 444; 45 Ind. 91; 36 Ia. 102; 30 Ia. 459; 37 Ia. 422; 40 Ia. 292; 77 Ill. 160; 30 Minn. 18; 61 Ia. 323; 38 Ohio 410; 16 N. Y. 476; 6 Ill. 295; 22 Barb. 525; 32 Barb. 568; 29 Ind. 40; 30 Ind. 324; 72 Ind. 107; 78 Ky. 621; 25 W. Va. 571; 27 Vt. 643; 16 Ill. 198; 30 Ill. 451; 40 Ia. 337; 14 Ind. 30; 50 Miss. 572; 26 Tex. 604; 42 Miss. 603; 35 Mich. 507; 33 Mo. 309; 4 Jones L. 432; 62 Mo. 562; 8 Nev. 111; 7 Am. & E. R. R. Co's. 588, 590; 13 Id. 534; 2 Sher. & R. Neg. (4th

Ed.) § 419; 23 Am. & E. R. R. Cas. 237; 19 Id. 480; 1 Am.
Ref. 339.

*Simpson & Howard* for appellee, cited 24 W. Va. 520; 25
W. Va. 577; Cooley Torts 673; 26 W. Va. 457; 9 W. Va.
270.

Holt, Judge:

On the 28th of December, 1889, J. M. Long, plaintiff
below and appellee, brought suit before a justice of Mason
county against the Ohio River Railroad Company, the ap-
pellant, for the recovery of two hundred dollars, the value
of one mare, the property of the plaintiff, killed by de-
fendant on its railroad. The defendant appeared, and the
case was fixed for trial to be had on January 31, 1890.
Plaintiff demanded a jury, and a jury of six, having been
duly selected and sworn, and having heard the evidence
and received the instructions given by the justice at the
instance of the defendant, and without objection by plain-
tiff, rendered a verdict for plaintiff, assessing his damages
at two hundred dollars. Defendant at once moved the
justice to set aside the verdict, and grant a new trial. The
justice overruled the motion, and defendant excepted, and
prayed that bill of exceptions No. 1 be signed, sealed, and
made part of the record, "which bill of exceptions (quot-
ing from the docket of the magistrate) has not been taken
as yet." On the verdict, judgment was rendered. Under
chapter 110, s. 4, of the Code, the judge of the Circuit
Court of Mason county awarded defendant a writ of *cer-
tiorari* on 28th April, 1890, the day of defendant's applica-
tion. On 15th May, 1890, plaintiff, Long, by his attorneys,
moved the Circuit Court of Mason county to quash and
dismiss the writ of *certiorari* upon the ground, as appears
by the argument, that neither bill of exceptions nor writ of
*certiorari* were applied for and obtained in due time, which
motion was sustained; and the cause is here for review
on writ of error obtained by defendant.

The counsel have argued the case mainly upon the merits.

The principal use of this writ with us before 1868 was to
bring up records, in whole or in part, in aid of some other

proceeding; but the statute of 1882–89, as now found in the Code, p. 761, c. 110, has very much enlarged its scope, giving power to rehear after judgment on the evidence certified, as well as correct errors in law, and in a proper case to retain for trial *de novo*, being thus in effect an appeal from the judgment of a justice in a certain class of cases. In obedience to the writ, the record should be certified and returned "in the condition in which it was when the writ came to the court below." "In all such cases removed as aforesaid from before a justice to the Circuit Court, wherein the amount in controversy is more than fifteen dollars, and in which the judgment of the justice is set aside (the case) shall be retained in said court, and disposed of as if originally brought therein." Section 3, c. 110, Code. It lay at common law in all civil actions before judgment, where the courts of king's bench and common pleas had jurisdiction, and could administer the same justice to the parties as the court below, and was there retained and tried. Under our statute, it lies after judgment, and the Circuit Court, after reversing the judgment complained of, retains it for final disposition if the amount in controversy is more than fifteen dollars. The petition for the writ should disclose a proper case upon its face, and when issued it may be dismissed without a hearing, when improvidently awarded.

But it is now under our statute a remedy of great importance, and constant use, and should be upheld and applied, within its proper scope, to the end of meting out substantial justice. In a proper case the writ may on motion be superseded before its return, as that it was improvidently awarded; and by motion to quash it may be quashed on any proper ground after the return. But the language of the motion is not material, so that it give notice of the thing asked to be done; nor the language of the order of the court, if it properly directs that it be done. "It should not be granted where the party seeking it has been guilty of laches, and generally, and in analogy to the writ of error" (or appeal) not where the time within which these latter could be brought has expired. See 3 Amer. & Eng. Enc. Law, p. 64, and authorities cited; *Poe* v. *Machine-Works*, 24 W. Va. 517, 521 where the general doctrine of

the writ as at common law, and as modified by our recent statute, is stated and discussed. See, also, 1 Tidd, Pr. 399. And, in cases where the party has permitted the time for appeal to expire, *certiorari* will not issue for relief unless upon a special showing unmixed with any blame on the part of such party. *Poe* v. *Machine-Works*, 24 W. Va. 517.

Following the analogy here pointed out to appeals from justices under sections 164-174 of chapter 50 of the Code, as applied to like cases, the petition for the writ should be presented within ten days after the judgment is rendered by the justice; or, if not within that time, then it must be presented within ninety days after the date of the judgment complained of, and in addition the petitioner must show, by his own oath or otherwise, good cause for his not having applied for the writ within the ten days. As to what constitutes good cause, see *Lowther* v. *Davis*, 33 W. Va. 132 (10 S. E. Rep. 20 ); *Hubbard* v. *Yocum*, 30 W. Va. 740, (5 S. E. Rep. 867); *Machine Co.* v. *Floding*, 27 W. Va. 540 ; *Ruffner* v. *Love*, 24 W. Va. 181.

It appears by the petition for the writ of *certiorari*, and from the transcript returned, that the judgment was rendered on the 31st day of January, 1890, and, by the vacation order allowing the writ, that it was presented to the judge on the 28th April, 1890, being within the ninety days; but the petitioner, the Ohio River Railroad Company, does not state or show in the petition, or in any other mode, any cause in excuse or justification of its not having presented such petition for the writ within the ten days. "In all cases the party praying for this remedy must have merit on his side, and pursue it in proper time. Time has always been considered an important circumstance in the application for the writ, and redress by this means should be sought as soon as possible after the happening of the event which rendered it necessary to resort to it." See *Poe* v. *Machine-Works*, 24 W. Va. 517, and cases cited.

Some limit of time must be adopted, and the one stated above as to appeals seems to furnish a peculiarly fit and appropriate analogy. Whether it is to be adhered to with the same inflexibility as if it were prescribed by statute, need not be considered in advance of the occasion. Wheth-

er in a proper case, upon a special showing, it may be granted after the ninety days, no opinion is now given.

The railroad company in this case has been guilty of laches in applying for the writ, for which no excuse or justification has been alleged or shown, so that the judgment of the Circuit Court of Mason county of 15th May, 1890, quashing and dismissing the writ of *certiorari*, must be affirmed.

AFFIRMED.