# CHARLESTON.

STATE, *Use* JEFFERSON *v.* LARUE *et al.*

(DENT, JUDGE, absent.)

Submitted September 15, 1892.—Decided April 1, 1893.

1. CERTIORARI—JUSTICE OF THE PEACE.
   In applying to the Circuit Court for a writ of *certiorari* to the judgment of a justice under chapter 110 of the Code, the general rule is, that the petitioner must present his petition within ten days after the judgment complained of is rendered, according to the analogy of appeals in section 164, c. 50, of the Code.

2. CERTIORARI—JUSTICE OF THE PEACE.
   But it may, and in proper case should, be granted after the expiration of ten days, and within ninety days after the date of the judgment, when the party otherwise entitled to the writ shall show by his own oath or otherwise good cause for his not having· applied for such writ within the ten days.

3. CERTIORARI—JUSTICE OF THE PEACE.
   Upon the presentation to the Circuit Court of a petition for

*certiorari* to remove into said court the proceedings in a civil action before a justice, an agreement between the parties that said pettitioner's.application for said writ should be argued and discussed by them before said Circuit Court as if the writ of *certiorari* had been in fact issued, and due return had been made thereto, and the record and proceedings and judgment in said civil action before said justice having been transmitted to and removed into said court in pursuance of such agreement, did not bring the case before the Circuit Court for review on its merits, but brought up the transcript for the purpose of determining whether the application should be granted.

WHITE & ALLEN and J. J. JACOB for plaintiff in. error cited 88 N. C. 230; 19 W. Va. 158; 9 Am. & Eng. Enc. L. 526; Code, c. 5, ss. 199, 200, 204–207, 120–124; 19 W. Va. 565; 34 W. Va. 652, 656; 30 W. Va. 326; Code, p. 761, s. 2; 35 W. Va. 333; 33 W. Va. 132.

D. O'KEEFE and S. O. BOYCE cited Code, c. 50, s. 91; 56 Wis. 355; 13 S. E. Rep. 1010; Code, c. 41, s. 25.

ENGLISH, PRESIDENT:

On the 1st day of October, 1890, an action was brought before a justice of the peace of Ohio county by T. F. Porter against C. H. Jefferson. An attachment was sued out in said action, upon the ground that the defendant was a non-resident of the State of West Virginia. Bond was filed and the sum of twenty four dollars and twenty cents was attached in the hands of the Baltimore & Ohio Railroad Company, as garnishee. The attachment was served upon the garnishee by James R. Larue, a constable of said county. After the said constable had made his return of service, a claim of exemption was signed by said Jefferson, which was handed by him to one Bennett, and by said Bennett to said constable, Larue.

The defendant Jefferson made no defence of any character against said attachment, but on the 21st day of November, 1890, instituted an action before William W. Rogers, a justice of said county, in the name of the State of West Virginia, at the relation and for the use of said Jefferson, against said constable, James R. Larue, and J. M. Dowler and James Reed, as his sureties, for the recovery of money alleged to be due and forfeited under and by virtue of the

official bond of said Larue, as constable, by reason of his failure to release from said attachment said sum of twenty four dollars and twenty cents after said Jefferson had claimed it to be exempt, in which action judgment was claimed for two hundred dollars.

It appears from the transcript of said justice's docket that on the 29th day of November, 1890, it was on motion continued until December 6, 1890, and on said last-named day another motion was made for a continuance, on the ground of the absence of one of the defendants' attorneys. This motion was overruled. The evidence was submitted to a jury, which resulted in a verdict for the plaintiff for one hundred and sixty five dollars ; and on motion of the plaintiff's counsel judgment was rendered upon said verdict; whereupon James R. Larue, the defendant, moved to set aside the judgment and grant a new trial. Counsel for the plaintiff moved to argue the motion at once, as, the next day being Sunday, it could not then be argued, whereupon the defendant James R. Larue agreed that he would wait until the coming Monday and renew his motion to set aside said judgment and grant a new trial. From said transcript it further appears that on the 8th day of December, 1890, proper legal notice was served upon him not to proceed any further in said case or any other suit by or on behalf of said Jefferson, or to enforce any judgment in favor of Jefferson against Larue, Reed, and Dowler. What the particular character of this notice was, or from what authority it emanated, we are not informed.

December ——, 1890 (nine days, more or less, afterwards) defendant Larue made a motion to set aside the judgment and grant a new trial, which was overruled. On the 29th day of January, 1891, execution was issued upon said judgment, directed and delivered to the constable of Ohio county. On January 30, 1891, Guy R. C. Allen, attorney, and J. R. Larue, defendant, appeared and made a motion to renew their motion made on the day of the trial of said action, and not yet decided, to set aside the verdict of the jury and grant a new trial. Attorney N. C. Criswell, for plaintiff, Jefferson, objected and the motion of defendant was overruled, whereupon Guy R. C. Allen, attorney for

defendant, objected and excepted. On the 6th of February, 1891, said justice received a vacation order from the Circuit Court in *mandamus*, requiring him to certify to the best of his recollection and make part of his record the evidence in said case, which order was complied with on the 9th day of February, 1891.

On the 9th day of May, 1891, James R. Larue, J. M. Dowler, and James Reed presented their petition in the Circuit Court of Ohio county, praying that a writ of *certiorari* issue to remove into that court the record of the proceedings in said civil action before W. W. Rogers, justice, as aforesaid; and it was agreed by the parties that the said petitioners' application for said writ should be argued and discussed by them before said Circuit Court, as if the writ of *certiorari* had been in fact issued, and due return had been made thereto; and the record and proceedings and judgment in said civil action before said justice were then transmitted to and removed into said Circuit Court, in pursuance of said agreement; and thereupon the said C. H. Jefferson by his attorneys moved the court to quash said writ of *certiorari* and to dismiss said petition and the proceedings thereunder, which motion was sustained by the court, and the defendants, Larue, Dowler and Reed, obtained this writ of error.

In my view of this case, the first and most material question we are called on to determine is whether the Circuit Court committed an error in its order entered on the 9th day of May, 1891, in sustaining the motion of C. H. Jefferson to quash the writ of *certiorari*, and dismiss the petition filed therefor. It is contended by counsel for the plaintiffs in error that, by reason of the agreement which appears in the court's order aforesaid, the limit of ten days should not be considered.

Now when we look at the terms of that agreement, we find "it was agreed by them that the said petitioners' application for said writ should be argued and discussed by them before said Circuit Court as if the writ of *certiorari* had been in fact issued, and due return had been made thereto, and the record and proceedings and judgment in said civil action before said justice were then transmitted to and re-

moved into this court (meaning the Circuit Court) in pursuance of such agreement."

As I understand this agreement, it simply placed the parties thereto in the precise attitude they would have occupied if the writ of *certiorari* had been awarded, and, in pursuance of its mandate, the justice had sent and certified into the Circuit Court of Ohio county a transcript of the proceedings had before him in this action, and, with this transcript before the court, it was agreed that the petitioners' application for said writ should be argued and discussed. It was not agreed that the transcript should be considered in court for review, but that the papers might be examined, and the transcript examined, upon the application for said writ, as if the writ was then being applied for, as it in fact was, as is shown by the order stating that the petition was then presented for that purpose. If it was to be heard and discussed upon the application for the writ, it certainly was not intended to waive all objections to the legality and propriety of awarding the writ. If so, why should the agreement provide for argument and discussion of the application for the writ?

In considering the propriety of the action of the Circuit Court in quashing said writ, the first question which presents itself is this: Was the writ applied for in time, or have the plaintiffs in error, by their laches, deprived themselves of the privilege of inquiring into and correcting the errors, if any are found to exist, in the proceedings before said justice? This judgment was rendered on the 6th day of December, 1890; and, while it is true a motion to set aside the judgment and grant a new trial was made, yet it appears from the transcript that some time in December, 1890, said motion was again made and overruled; that said Larue again went before said justice on the 30th of January, 1891, and made another ineffectual motion to set aside said verdict and judgment, and obtain a new trial.

Section 182 of chapter 50 of the Code provides that, "whenever it is necessary to prove a judgment or other proceeding had before a justice  *  *  *  or any order made by him in a suit, the docket in which it is entered or a transcript thereof, certified by him,  *  *  *  shall be

evidence of the same, but shall not be conclusive if errors or omissions be shown." Under this section, then, the transcript shows that the motion to set aside the judgment and grant a new trial was overruled in December, 1890.

With these facts before us, turning to the case of *Long v. Railway Co.*, 35 W. Va. 333 (13 S. E. Rep. 1010) we find that this court there held that, in applying to the Circuit Court for a writ of *certiorari* to the judgment of a justice, under chapter 110 of the Code, the general rule is that the petitioner must present his petition within ten days after the judgment complained of is rendered, according to the analogy of appeals in section 164, c. 50, of the Code. But it may, and in proper case should, be granted after the expiration of ten days, and within ninety days after the date of the judgment, when the party otherwise entitled to the writ shall show, by his own oath or otherwise, good cause for not having applied for such within ten days.

An inspection of the transcript shows that more than ninety days had elapsed before the petition for *certiorari* was filed after the judgment had been rendered, and the motion to set aside the judgment and award a new trial had been overruled.

Following the ruling of this Court in the case of *Long v. Railway Co., supra,* we must hold that the application for the writ of *certiorari* came too late; that the court committed no error in dismissing the petition and quashing the writ; and, having arrived at this conclusion, we are precluded from examining the proceedings before the justice upon the other questions raised by the assignment of errors. The judgment complained of must be affirmed, with costs and damages.

AFFIRMED.