# CHARLESTON.

Parsons *v.* Aultman, Miller & Co.

Submitted Sept. 18, 1898—Decided Dec. 3, 1898.

1. Justice of the Peace—*Proceedure—Continuance— Absence of Justice—Judgment—Notice.*

   If a justice fail to attend to try a case pending before him at the hour set, and no other justice appears to try the case at that time, when the hour has elapsed the case stands continued, by operation of law, for one week. After such continuance has been consummated by the necessary lapse of time, one of the parties to the suit, in the absence of and without the consent of the other, cannot call in another justice to proceed with the trial of the case. If he does so, his judgment is without jurisdiction, and void, and may be set aside by the original justice, in custody of the docket and papers, on motion, after notice to the opposing party. (p. 476).

2. Justice of the Peace –*Judgment—Vacating Judgment—Appeal.*

   If such justice refuse to set aside such judgment and rehear such case, an appeal will lie from his judgment to the circuit court, as in other cases; and if he refuse to grant the same within ten days, the circuit court of the county, or judge thereof in vacation, may grant the same on application. (p. 476).

3. Certiorari—*Appeal.*

   The statutory remedy of *certiorari* to judgments of justices in civil cases is merely a form of appeal. (p. 477).

Error to Circuit Court, Jackson County.

Action by E. B. Parsons against Aultman, Miller & Co. before a justice of the peace. Judgment for plaintiff.

From an order of the circuit court quashing the writ of *certiorari*, defendant brings error.

*Reversed.*

JOHN H. RILEY, for plaintiff in error.

W. A. PARSONS and J. A. WODDELL, for defendants in error.

DENT, JUDGE:

On the 30th day of April, 1895, E. B. Parsons commenced an action before W. P. Kerwood, a justice of Jackson County for the recovery of three hundred dollars, against Aultman, Miller & Co., a foreign corporation. An attachment was issued, and several persons were summoned as garnishees. On the 1st day of July, 1895, without service of process or appearance on the part of defendant, a judgment was rendered for three hundred dollars against defendant, and several judgments against garnishees, aggregating two hundred and ninety dollars and eight cents, and certain property attached was ordered sold. On the 10th of December, 1895, the defendant appeared, and obtained a rehearing, which was fixed for 27th December, 1895. On that day it was continued until the 25th January, 1896, at 10 o'clock A. M. On that day it was continued on motion of plaintiff, and at his costs, until the 29th of January, 1896, at the same hour. On that day it was continued until the 6th day of February, at the same hour by agreement of parties. On the last-mentioned day Justice Kerwood was ill, and remained away from his office; and at 2 o'clock P. M., another justice, J. D. Clinton, having been called in to try the case, a jury was impaneled and a trial had, resulting in a verdict of three hundred dollars for plaintiff, on which said Justice Clinton entered judgment in Justice Kerwood's docket. On the 13th day of February, 1896, Justice Kerwood appears to have been still ill; and on the 20th day of February, 1896, between the hours of 10 and 11 A. M., the defendant appeared, filed the affidavits of John H. Riley and Justice Clinton, and having served notice on the plaintiff, and his attorney, William A. Parsons, being present, moved Justice Kerwood to rehear said action, to which motion plaintiff objected, and the justice, on con-

sideration thereof, overruled and disallowed the motion,
and on the same day the defendant filed an appeal bond,
and demanded an appeal from the refusal of 'the justice to
rehear the action, but the justice refused to allow the ap-
peal.   On the 4th day of March, 1896, the circuit court, on
application of the defendant, granted a writ of *certiorari*.
And on the 9th day of November, 1896, on motion of the
plaintiff, the circuit court quashed the writ as improvident-
ly awarded, and dismissed the petition.

The first question presented is as to whether the order
entered by Justice Kerwood on the 20th day of February,
1896, refusing to grant a rehearing, is an appealable order.
It is undoubtedly a final judgment, and is therefore a sub-
ject of appeal as to all questions then determined by the
justice.    It is provided in section 70, chapter 50, Code, that
"when the defendant does not appear and judgment is ren-
dered against him in his absence, the justice may set aside
the judgment within fourteen days thereafter on motion of
defendant and payment of costs."    The judgment of Jus-
tice Clinton was rendered on the 6th of February, 1896;
hence the motion was in time.

The next question, is was the motion before the proper
justice?  Justice Kerwood issued the summons, he was the
custodian of the papers, and the judgment was on his
docket.    The motion was made, not on the grounds of any
defect in the judgment itself or the conduct of the jury
trial, but because the justice who rendered it was without
authority of law to hear and determine the case, was a mere
voluntary intermeddler, and a judgment was therefore
void, and did not oust the jurisdiction of Justice
Kerwood to hear and determine the case.    This was
a proper qustion to present to Justice Kerwood.   If a
voluntary intermeddler, without authority of law, took pos-
session of his office during his illness and absence, and en-
tered judgments on his docket on suits pending before him,
such judgments would not be binding, and he would have
the right to disregard and annul the same.    The record
shows that by agreement the trial of this case was set for
10 o'clock A. M., the 6th day of February, 1896; that Justice
Kerwood was ill; and that a jury trial was had in the
absence of the defendant, at 2 o'clock P. M.; and the affi-

davit of Justice Clinton, which was made part of the record
on the motion for rehearing, shows that he was not called
into the case until the afternoon, and that he did not know
of its pendency until 12 o'clock noon.   It is therefore plain
that he was not there at 10 o'clock A. M., the hour set for
trial, nor until two hours thereafter.   Section 64, chapter
50, Code, provides: "No action shall be discontinued on ac-
count of the absence of the justice.   If he fail to attend
on the return day of the summons or at the time to which
the action stands continued, any other justice of the same
county may attend and try the case, or continue it for not
exceeding thirty days; and if he do so shall make and sign
an entry thereof on the docket of the absent justice.   If
not tried or continued by another justice aforesaid, it shall
stand adjourned one week, and so on from week to week un-
til disposed of."  In the absence of either party to make the
action of the attending justice legal, the record must show
that his attendance was at the time or hour set for trial by
the previous order; for a party to a suit cannot wait until
the hour for trial has passed, and the case is continued by
operation of law, and his opponent has gone away, and then,
without notice to him, call in another justice, have the case
taken up for trial by jury, and thus obtain a nonappealable
judgment.   Such practice should be thoroughly condemn-
ed.   Justice Clinton is free from blame, as he was imposed
upon by the plaintiff, not being cognizant of the facts in the
case, yet his action was none the less illegal and void.   A
judgment rendered by a justice without jurisdiction is
void, and it may be reversed by *certiorari* at common law.
*Crandall* v. *Bacon*, 20 Wis. 639.   In the continuance of
causes, the statute must be strictly conformed to; other-
wise the justice loses jurisdiction.   *Doctor* v. *Hartman*, 74
Ind. 225.   If a cause is not tried at the appointed time, or
within one hour, as a general rule it stands continued by
operation of law, unless the justice at the time is engaged
in the trial of another action.   *Hunt* v. *Wickwire*, 10 Wend.
102.   The power is inherent in every court or tribunal to
vacate enteries in its record of judgments, decrees, or
orders, rendered or made without jurisdiction.   1 Black
Judgm. 307.   The justice having refused to grant the de-
fendant an appeal within ten days, he had a right, after

that time, to apply to the circuit court for an appeal, under section 174, chapter 50, Code. *Lowther* v. *Davis*, 33 W. Va. 132, (10 S. E. 20). This case is not subject to either the case of *Barlow* v. *Daniels*, 25 W. Va. 512, or *Hickman* v. *Railroad Company*, 30 W. Va. 296, (4 S. E. 654 and 7 S. E. 455), for the reason that it is not an attempt to reexamine a fact tried by a jury, but to nullify a judgment rendered by a justice not having jurisdiction. The defendant, instead of applying for an appeal, applied for the statutory writ of *certiorari;* both being the same, in effect, as to questions of law raised, except that *certiorari* is said not to lie where an appeal is the proper remedy. In the case of *Fouse* v. *Vandervort*, 30 W. Va. 327, (4 S. E. 298), the word "appeal" was held to mean *certiorari;* and in the case of *Long* v. *Railroad Company*, 35 W. Va. 333, (13 S. E. 1010), the present statutory *certiorari* was held to be, in effect, an appeal. The two have therefore become, so far as applied to the review of civil cases before justices, synonymous terms, except that the *certiorari* appeal is granted as a matter of sound discretion, and the appeal *certiorari* is granted as a matter right. The matter involved here is purely a question of law. The court should have disregarded the language of the petition, as it sufficiently appears on its face what remedy is sought, and granted an appeal, with *certiorari* to remove the proceedings. If it was regarded as a mere petition for *certiorari*, it would have to show good cause why it was not applied for in ten days. This requirement, however, is satisfied with the fact that an appeal lay and was refused by the justice. *Lowther* v. *Davis*, cited. This being true, it was not necessary to show any other cause for not having presented the petition in ten days, treated as a petition for an appeal, or *certiorari*, or both, as it really is in effect.

On the motion to quash the writ and dismiss the petition, it was proper to hear *ex parte* affidavits tending to show that there was some arrangement between the attorneys that the case was not to be taken up until a certain railroad train arrived, and that such train did not arrive until about noon. Such matter, if at all admissible, should have been presented before the justice on motion to rehear the judgment; but it is probable that when the defendant's

agents heard of the illness of Justice Kerwood they took it for granted that the case would be continued and not tried. If there was such arrangement, the previous continuance should have been in accordance therewith. The plaintiff was undoubtedly endeavoring to take advantage of the absent defendant, and the circuit court should have avoided the judgment thus obtained as a nullity, set aside the verdict of the jury, and directed a rehearing of the case on its merits. The judgment complained of, dismissing the defendant's petition, is reversed, the judgment of Justice Kerwood overruling his motion is reversed, the judgment of Justice Clinton is vacated and annulled, and the verdict of the jury is set aside, and this cause is remanded to the circuit court, to be therein tried and disposed of as the law requires.

*Reversed.*