# CHARLESTON.

SHAY *et al. v.* NOLAN *et al.*

Submitted February 4, 1899—Decided April 8, 1899.

INJUNCTION—*Equity Pleading—Remedy at Law—Justice of the Peace.*

A bill for an injunction to the judgment of a justice on the verdict of a jury, which shows on its face that the plaintiffs have a plain, adequate remedy at law, is fatally defective; and on demurrer thereto the temporary injunction awarded should be dissolved, and the bill dismissed. (p. 301.)

Appeal from Circuit Court, Tyler County.

Suit by Shay & McMullen against Nolan & Phillips. Decree for plaintiffs, and defendants appeal.

*Reversed.*

T. P. JACOBS AND JAMES H. STRICKLING, for appellants.
F. D. YOUNG AND SHANOR & HUNT, for appellees.

DENT, PRESIDENT:

This is an appeal from the decree of the circuit court of Tyler County perpetuating an injunction in favor of J. W. Shay and H. McMullen, parties doing business under the firm name of Shay & McMullen, to a judgment against them in favor of D. D. Nolan and Lee Phillips, partners as Nolan & Phillips, for the sum of two hundred and eighty dollars and forty-one cents and eight dollars

and twenty cents costs, rendered by a justice on the 26th of March, 1897. The grounds of the injunction were an alleged agreement of counsel, by which, in case the defendants were not ready for trial, the case was to be continued on said 26th day of March, 1897, until a later date; that at said date they sent an affidavit to B. Engle, an attorney, to be filed for them, and to make a motion for a continuance, which was accordingly done, but the motion was resisted, the continuance refused, and the case was tried in the absence of the defendants, contrary to the agreement of counsel. In addition, the bill contains the following averments: "Complainants aver they were unable to appear before said justice within the time required by the statute and make application to have the verdict of said jury set aside and a new trial awarded them, for want of information as to disposition of the case until too late to do so. Complainants further aver and charge that they were not only deceived and misled, thrown off their guard, and deprived of the opportunity of making their defense in such civil action, by the said J. H. Strickling, as the attorney for said Nolan & Phillips, whether intentionally or not, but that they were entitled to a continuance of said civil action under the affidavit aforesaid; that they had, and yet have, as they are informed and believe, a good, legal, and sufficient defense to said action, and were precluded from making it in manner and form aforesaid." These are the only allegations relating to the failure of the defendants to make their defense at law. The bill was demurred to for want of equity. The demurrer was overruled, answers were filed, depositions were taken, and on a final hearing the injunction was perpetuated.

The only ground of error necessary for the consideration of this Court is the demurrer. The bill entirely fails to show the want of adequate legal remedy. In the case of *Hudson* v. *Kline*, 9 Grat. 379, quoted and approved in *Railway Co.* v. *Ryan*, 31 W. Va. 367, (6 S. E. 925), it is said: "It has been a favorite policy in this State, especially of late, not to afford relief in equity except in cases of concurrent jurisdiction. In all the other cases he must avail himself of his legal remedy. If, without his default, he be deprived of all remedy at law, equity may relieve him; but,

if any legal remedy remain to him (that is, adequate reme-
dy), though he may have lost, by misfortune, and without
fault of his adversary, other concurrent legal remedies, he
must resort to his remaining legal remedies." While the
complainants might not have had information as to the
disposition of the case, to appear and make application to
have the verdict of the jury set aside and a new trial
awarded them before the justice entered judgment on the
verdict, they had ten days in which to take an appeal or ob-
·tain a writ of *certiorari;* and, for good cause, this time
was extended to ninety days. They also had four-
teen days to move the justice to set aside the
judgment and grant them a new trial for good
cause shown, and, if the justice had refused, they
could then have appealed from his judgment of re-
fusal. If the complainants were entitled to a contin-
uance, as alleged in their bill, this would have been suf-
ficient ground to reverse the judgment on appeal or *certi-
orari.* *Parsons* v. *Aultman, Miller & Co.*, 45 W. Va. 473
(31 S. E. 935). The bill showing on its face that the com-
plainants had an adequate remedy at law, the demurrer
thereto should have been sustained, the injunction dis-
solved, and the bill dismissed. The decree complained of
is therefore, reversed, the injunction dissolved, and the
bill dismissed.

*Reversed.*