# CHARLESTON

THOMASSON v. SIMMONS.

Submitted March 9, 1905.    Decided April 11, 1905.

1. JUSTICE OF THE PEACE—*Justice's Docket—Continuance of Case.*

   An action in a justice's court is not discontinued from the mere fact that no orders of continuance or other orders are made on the docket therein. (p. 579.)

2. JUSTICE'S COURT—*Judgment—Suit Not Discontinued.*

   A judgment rendered in an action before a justice is, on a writ of prohibition, held void. Then a second judgment is rendered. A period of eighteen months, during pendency of the prohibition and afterwards, elapses between the two judgments without any order in the action. This does not work a discontinuance of the action. (p. 579.)

Error to Circuit Court, Roane County.

Action by J. B. Thomasson, committee, etc., against G. B. and W. S. Simmons. Judgment for defendants, and plaintiff brings error.

*Reversed.*

SCHILLING & HARPER, for plaintiff in error.

WALTER PENDLETON, for defendants in error.

Brannon, President:

As will appear in *Simmons* v. *Thomasson*, 50 W. Va. 656, Thomasson brought action before a justice of Curtis district, Roane county, against G. B. and W. S. Simmons, which by consent was transferred to Spencer district for trial by the justice of Curtis district who issued the process, Kelly, that his successor, justice Petty, took up the case and entered judgment for the plaintiff in the absence of the defendants; that a prohibition issued against the judgment, and that judgment was prohibited as null and void by the decision of this Court. After the decision by this Court, supposably in conformity to its decision and direction, justice Petty gave notice to the defendants to appear before him, 30th June, 1902, to try the case, and on that date, the defendants not appearing, rendered judgment for plaintiff, and the defendants took an appeal to the circuit court, and in that court, on a motion of defendants, the said notice of re-trial was quashed, and the action was dismissed, and the plaintiff has brought the case to this Court.

The claim for the defendants is, that the action was discontinued in the court of the justice, and being dead, there was no action to try or in which to give judgment, and that the judgment is void. What is a discontinuance, technically or properly speaking? At one time the pleadings or altercations, that is, what the litigants had to say against each other, so as to come to an issue, were by word of mouth. "During this oral altercation a contemporaneous official minute in writing was drawn up by one of the officers of the court, on a parchment roll, containing a transcript of all the different allegations of fact to the issue inclusive. And, in addition to this, it comprised a short notice of the nature of the action, the time of the appearance of the parties in court, and the acts of the court itself during the progress of the pleading. These chiefly consisted of what were called the '*continuances*' of the proceedings—the nature of which was as follows: "There were certain purposes for which the law allowed the proceedings to be adjourned, or continued over from one term to another, or from one day to another in the same term; and when this happened, an entry of such adjournment to a given day and of its cause was made on the parchment roll; and by that entry the parties were also ap-

pointed to reappear at the given day in court. Such adjournment was called a *continuance*. Thus the award of the mode of trial on an issue in fact, and also the adjournment of the parties to a certain day to hear the decision of the court on an issue in law, were each of them *continuances*, and were entered as such on the roll. And if any interval or interruption took place without such an adjournment duly obtained and entered, the chasm thus occasioned in the progress of the suit was called a *discontinuance*, and the cause was considered as *out of court* by the interruption, and was not allowed afterwards to proceed. The official minute of the pleadings and other proceedings thus made on the parchment roll was called *the record.*" Stephen on Pleading, pages 60, 103; 3 Bl. Com., 296. The failure to see to these "continuances" produced an hiatus, chasm or break in the procedure, into which the case fell. At one time in Virginia failure to enter in the court record a continuance from term to term, passing over a term, worked a discontinuance under the common law rule, above given. *Amis* v. *Koger*, 7 Leigh 221. But a statute now makes every case not disposed of by express order of record stand continued, and prevents discontinuance. *Gillespie* v. *Bailey*, 12 W. Va. 70; *Buster* v. *Holland*, 27 *Id.* 511. This statute applies, I take it, only to courts of record. But the law of discontinuance applies to courts of record proceeding according to the course of the common law by regular pleadings and procedure. In justices' courts there are no formal pleadings, no set terms, no rule days, and there is no reason to apply this law of discontinuance. We are cited to Code, section 59, chapter 50, providing that the justice may, without consent continue the case, after return of summons, not over seven days, but shall not exercise this privilege at any other time, and we are cited to section 61 providing that no continuance shall be granted for a longer time than three months after the return of the summons served. And we are cited to 4 Ency. Pl. & Prac., 892, 986, to sustain the position that if a justice shall continue a case, except as statute allows, it will discontinue the case; and any judgment afterwards given in it is void. Doubtless this is good law. Why? Because it is affirmative action by the justice contrary to positive law. As held in *Parsons* v. *Aultman, Miller & Co.*, 45 W. Va. 476, continuance of causes by jus-

tices must be strictly as allowed by statute, as the only source of jurisdiction and proceedure in the statute. 18 Am. & Eng. Ency. L., (2 El.) 17, 37; *Stanton-Belmont Co.* v. *Case*, 47 W. Va. 779; *Johnson* v. *Hunter*, 50 *Id.* 57. There is, however, no order of the justice continuing the case—operating to end it. Must there be an order to continue? And in its absence will the case end? That would be hurtful in practice. This suit simply lay dormant, after the first judgment until the last, for about eighteen months, without any action by the justice, while the prohibition was pending, and for a few months after its final decision by this Court. No action of the justices discontinued it. It was not ended by the first judgment, as it was held void. As there was no discontinuance it lay waiting for judgment, like a suit in the circuit court. And we think that section 64, chapter 50, Code, applies. It says: "No action shall be discontinued on account of the absence of the justice. If he fails to attend on the return day of the summons, or at the time to which the action stands continued, any other justice of the same county may attend and try the case, or continue it for not exceeding thirty days; and if he do so shall make and sign an entry thereof on the docket of the absent justice. If not tried or continued by another justice as aforesaid, it shall stand adjourned for one week; and so on from week to week until disposed of." This section should be liberally construed, its evident intention being to save actions from discontinuance.

True, that section says that if the justice does not appear, the action shall stand continued. Must that fact appear by the docket that day? Who is to make the entry? In a legal view is not there a failure of the justice to appear when the record is silent? Anyhow, there is the broad declaration that "no action shall be discontinued on account of the absence of the justice," and the broad provision for continuance from week to week. The design is to save cases from discontinuance from inaction. If the statute does not apply, still I think there was no discontinuance. It is argued by the counsel for plaintiff that taking the appeal was an appearance, gave the circuit court jurisdiction, and cured precedent irregularity. There is no question of jurisdiction in that court. But we cannot see that if the suit was dead, appeal could revive it. If not defunct, of course, the appeal

would be an appearance and cure want of service of process in the justice's court. We cannot say that mere failure to act ends a case. It cannot be said that a case may sleep long and then rise up for judgment to the surprise of defendant. He can enforce a trial or non-suit and protect himself. It is in being until ended by express dismissal or final judgment.

Therefore, we reverse the judgment, and remand the case to the circuit court for trial.

*Reversed.*