LIZZIE HEROLD *et al. v.* M. J. MALONEY, *Justice, et al.*

(No. 8454)

Submitted September 7, 1937. Decided September 28, 1937.

*A. N. Breckinridge, John L. Detch* and *Roland A. Clapperton,* for plaintiffs in error.

*Emmet Horan* and *G. G. Duff,* for defendant in error.

RILEY, JUDGE:

This is a proceeding in prohibition instituted in the circuit court of Nicholas County by Lizzie Herold and Elmer Herold, petitioners, against M. J. Maloney, justice of the peace, C. T. Sweeney, constable, and Joseph A. Hughes, trustee in bankruptcy, respondents, for the purpose of prohibiting respondents from proceeding further in a certain civil action theretofore brought before said justice by respondent Hughes, trustee, against the petitioners, Lizzie and Elmer Herold. To a judgment awarding a writ of prohibition, the respondents prosecute error.

The issues before this Court involve a construction and application of Code 1931, 50-7-17, which reads:

> "Whenever the justice is satisfied the jury cannot agree, he may discharge them and order another jury to be drawn and summoned to appear within forty-eight hours, unless the parties agree on a longer time or agree to dispense with a jury in the future, or that the justice may himself render judgment on the evidence already heard before him, which, in such case, he may proceed to do."

The action before the justice was in detinue to recover the possession of one V-8 Ford coupe 1932 model, automobile, valued at $300.00, and $300.00 damages for its detention. On the return day, November 6, 1935, both parties appeared and the defendants demanded a jury trial and made a deposit with the justice of $7.50 in payment of jury ($6.00) and constable ($1.50) fees. The jury, which was impaneled to try the case, failed to agree on a verdict and was discharged by the justice. From that time until December 10, 1935, the case, so far as the record discloses, simply lay dormant. Neither party litigant made tender of the required statutory fee for another jury, nor did they agree to anything which would have deprived the justice of his right, under the statute, to call another jury to appear within forty-eight hours. Code 1931, 50-7-17. The justice did not order another jury. No request was made for a continuance; nor was one ordered by the justice.

On December 10, 1935, Hughes, trustee, served notice on the Herolds that on December 14, 1935, he would move the justice to set a date for another trial of the case. The Herolds failing to appear, either in person or by counsel, the justice, at plaintiff's request, set the trial for January 2, 1936. On the last-mentioned date, the plaintiff being present by his counsel and the defendants by their counsel, the defendants filed written objections to a further exercise of jurisdiction by the justice, and stated that they did not agree to the time fixed by said justice and the plaintiff or to any other time. The case

was continued to January 8, 1936, because of other cases pending before said justice. On January 8, 1936, the defendants did not appear. The plaintiff, however, was present by his counsel. The justice rendered judgment in favor of the plaintiff and against the defendants for the possession of the automobile, $250.00 damages for the detention thereof, and the costs in the case. On the same day, an execution was issued directed to the said C. T. Sweeney, constable of Nicholas county, for the possession of the car and for the collection of $250.00 damages and the costs in the case. Acting under the execution, the said constable demanded and received from the defendants, Lizzie Herold and Elmer Herold, the key to the garage in which the car was kept, which key was not turned over to the said Joseph A. Hughes, trustee, but was kept by the constable, and then returned to the petitioner, Elmer Herold.

On the day following the rendition of the judgment and the issuance of the execution, the Herolds instituted the proceeding in prohibition, which, on final hearing, resulted in the entry of the judgment, now before this Court on writ of error.

The primary question presented is: Did the justice's failure to order a new venire to appear within forty-eight hours work a discontinuance of the case and an ouster of jurisdiction?

It seems clear that the section providing for another jury (Code 1931, 50-7-17) is merely permissive and not mandatory, at least, in the absence of a tender of the $6.00 required by Code 1931, 50-7-3, as is the case here. Such being the effect of the statute, the failure of the justice to order another jury did not affect his jurisdiction.

This Court has held that an action in a justice's court is not discontinued by the mere fact that no orders of continuance or other orders are made on the docket thereon. *Thomasson* v. *Simmons*, 57 W. Va. 576, 50 S. E. 740. And, a justice's action in continuance of a case, when both parties are absent, is a mere irregularity, and does not amount to a discontinuance of the case or an ouster

of jurisdiction. *Pocahontas Wholesale Grocery Co.* v. *Gillespie et al.,* 63 W. Va. 578, 60 S. E. 597.

The foregoing cases, as well as the case at bar, differ from that of *Tsutras* v. *Farrar,* 109 W. Va. 509, 155 S. E. 655, in which this Court held that section 114 of chapter 50 of the Code, which provides that in all cases before a justice (except enumerated classes where judgments shall be entered without delay) "judgments shall be entered within twenty-four hours (Sunday excepted) after the trial" is mandatory and jurisdictional and cannot be waived by the consent of the parties. In the case at bar, under Code, 50-7-17, as heretofore indicated, there is no mandatory direction to the justice of the peace. So, under this provision of the Code, the justice may render a judgment himself in the absence of the jury with the consent of the parties litigant, or the matters in controversy may be determined and adjudicated by a jury. In the instant case, neither of the parties within the forty-eight hours or at any time thereafter tendered to the justice the statutory fee for a jury trial. Under all the circumstances, the justice was not required, and in fact, could not, arrange for a jury trial. It is true the parties did not by oral agreement or by written contract waive a jury trial, but not having demanded a second jury trial, they, under all the circumstances, at least impliedly consented to an adjudication of the case without a jury trial, and the justice, not having by affirmative action continued the case but having passively let the statutory period of forty-eight hours elapse without any action either on his part or on the part of the parties litigant in the detinue action, did not oust himself of jurisdiction. *Thomasson* v. *Simmons, supra.*

A further position was taken in the petition for prohibition, and is stressed here, that if the justice had not in fact lost jurisdiction because of inaction, he exceeded the same in rendering judgment, it being charged that the adjudication by the justice was made on the basis of evidence introduced before the jury at the trial at which the jury failed to agree. The justice, however, in his docket certified that the "plf adduced evidence in his be-

half" at the time the judgment complained of was rendered. In the absence of anything to contradict this recital in the docket, we are not at liberty to say that the justice as a matter of fact relied in whole or in part on any of the evidence which was originally introduced at the time the jury disagreed. However, in the instant case, it is not necessary to go this far, because, from the evidence adduced by petitioners at the hearing before the circuit court, the record clearly shows that when the justice finally decided the case, there was filed before him a copy of the appraisement in the bankruptcy matter which appraisement showed the ownership of the car in question. In addition thereto, the justice testified "I considered that the papers filed and non-appearance of the defendants made it imperative that I render such a judgment." We are well aware that under the holding of this Court in the case of *Williams* v. *Weirlich, Justice, et al.*, 74 W. Va. 47, 81 S. E. 560, the judgment of the justice, in the instant case, would have been fatally defective if the evidence adduced at the time the jury failed to agree was the evidence upon which the justice later rendered his judgment. Such, however, as disclosed by the record, is not the situation. We are not at liberty to go behind the recitals made in the docket of the justice, supplemented by the testimony of the justice.

The solution of the foregoing questions necessarily render unnecessary the consideration of any of the other points raised by either of the parties litigant. Under the record of this case, we are convinced that the justice, at the time he rendered the judgment, had jurisdiction to do so, and that the judgment is amply sustained by the record. Therefore, the writ of prohibition was improvidently awarded by the circuit court. The judgment of the circuit court is reversed, the writ of prohibition is hereby dissolved.

*Reversed; writ discharged.*